FILED
2023 Mar-15 PM 04:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TUSCALOOSA HYUNDAI, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 7-21-CV-571-LSC |
| ) | |
| HYUNDAI MOTOR AMERICA, INC., and ) | |
| GENESIS MOTOR AMERICA, LLC, ) | |
| ) | |
| Defendants. ) | |

### SUPPLEMENT TO RESPONSE TO
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Tuscaloosa Hyundai, Inc. ("TH"), respectfully offers the following supplemental materials in opposition to the Defendants' Motion for Summary Judgment, and in response to the Court's questions at oral argument:

1. At oral argument, the Court asked of TH's counsel whether (1) the Dealer Sales and Service Agreements between the parties included requirements that TH comply with the Defendants' policies regarding exclusive facilities; and (2) whether TH is in breach of its Dealer Sales and Service Agreements for not maintaining exclusive Hyundai and Genesis facilities.

2. At oral argument, TH's counsel indicated that the Dealer Sales and Service Agreements incorporated Standard Provisions, as well as other facility

guidelines, which permit the Defendants to implement facility requirements, such as the exclusivity policies at issue in this case.

3. In addition, TH's counsel indicated that TH is in breach of its Dealer Sales and Service Agreements for failure to maintain exclusive Hyundai and Genesis facilities.

4. TH desires to direct the Court to documents referenced by TH's counsel during oral argument on the Defendants' Motion for Summary Judgment.

*Hyundai Dealer Sales and Service Agreement*

5. On November 2, 2016, Barry Buckner executed "Amendment to Hyundai Dealer Sales and Service Agreement, Amendment No. 3," which amended the Dealer Sales and Service Agreement in effect between TH and HMA, initially entered into on May 23, 2008.  (See Doc. 27-2, at HMA01574).

6. The Amendment states in relevant part as follows:

> DEALER has entered into this Agreement based upon DEALER's promise to provide adequate representation in the Hyundai dealership facility located at 3831 Hargrove Rd E in Tuscaloosa, AL 35405. DEALER acknowledges that adequate representation may include, but not be limited to those standards set forth in HMA's "DEALERSHIP FINANCIAL/FACILITY/SIGNAGE STANDARDS", signed by DEALER on <u>September 28, 2016</u> and incorporated by reference herein.
> . . .
> Dealer further acknowledges that the Standard Provisions to this Agreement are incorporated by reference herein and Dealer agrees to abide by its terms.

Dealer recognizes that the obligations set forth herein are material terms to the Agreement. Failure to comply with any or all of these provisions may be grounds for termination of this Agreement.

*Id.* at HMA01576.

7. The HMA Dealership Financial/Facility/Signage Standards, dated September 28, 2016 and incorporated into TH's operative Hyundai Dealer Sales and Service Agreement, states:

   Hyundai prefers exclusive representation in all operational departments of the dealership facilities (Sales, Parts, Service). Exclusive Hyundai sales facilities are **required** in all Hyundai defined Metro markets and in Single Point markets with a Hyundai Planning Guide of 500 and above.

   (See HMA Dealership Facility Standards, HMA01600, Exhibit "GG")

   (emphasis added).

8. TH's current Planning Guide is 635 units. (See Doc. 30-6, at 67:4-15). Therefore, TH is required by its current Dealer Agreement to have an exclusive Hyundai sales facility. Thus, TH is in material breach of the HMA Dealer Agreement.

9. The Hyundai Standard Provisions state in relevant part as follows:

   12. DEALER LOCATION

   A. RESPONSIBILITIES OF DEALER
   . . . Moreover, it is the mutual desire of DEALER and HMA that DEALER's facilities reflect a distinctive first-class appearance in common with all other duly authorized Hyundai Dealers. Accordingly, DEALER agrees to procure from approved sources and install all items necessary to insure that DEALER's retail environment complies in all

respects with such distinctive first-class appearance. In addition, DEALER agrees that all of its facilities will be satisfactory as to space, appearance, amenities, layout, equipment, and signage and will at all times be in accordance with HMA's minimum facilities standards, as amended from time to time.

. . .

### F. EVALUATION OF DEALERSHIP FACILITIES

HMA will periodically evaluate the adequacy of DEALER's facilities pursuant to its responsibilities under this Agreement. In making such evaluations, HMA will consider: the actual building and land space provided by DEALER for the performance of its responsibilities under this Agreement; compliance with HMA's then current requirements for dealership operations, the appearance, condition, layout and signage of the dealership facilities; and such other factors, if any, which in HMA's judgment may directly relate to DEALER's performance of its responsibilities under this Agreement. HMA will discuss such evaluations with DEALER, so that DEALER may take prompt action, if necessary, to comply with HMA's minimum facility standards. HMA will provide DEALER with a copy of the evaluation upon request.

. . .

### 16. TERMINATION OF AGREEMENT

. . .

### B. TERMINATION FOR CAUSE

. . .

### 2. Termination Upon Sixty Days Notice

If HMA learns that any of the following events have occurred and determines, in its sole discretion, that the matter may require termination of this Agreement, HMA will so advise DEALER in writing. If DEALER does not correct the condition or explain the matter to HMA's satisfaction within thirty (30) days of such notice, then HMA will have the right to terminate this Agreement upon sixty (60) days notice. Events which may result in such termination include:

. . .

u. Breach or violation by DEALER of any other term or provision of this Agreement.

(See Doc. 27-2, at HMA00020-21, 00023-25).

10. The Standard Provisions set forth HMA's right to issue facility requirements, such as the facility exclusivity policy at issue in this case. The Standard Provisions further affirm TH's obligation to comply with these facility standards, and the consequences (i.e., termination), for failure to comply with the provisions of the Dealer Sales and Service Agreement and Standard Provisions.

*Genesis Dealer Sales and Service Agreement*

11. On September 13, 2018, Barry Buckner executed a Genesis Motor America Dealer Sales and Service Agreement on behalf of TH. (See GMA Dealer Agreement and Standard Provisions, HMA00050, "Exhibit HH").

12. The GMA Dealer Sales and Service Agreement states in relevant part:

> 6.    DEALER LOCATION
>
> . . . DEALER is free to sell Genesis Products to Customers wherever they may be located in the United States. However, in order for GMA to establish and maintain an effective network of authorized Genesis Dealers for the sale and servicing of Genesis Products and to maximize Customer convenience, GMA has approved the following facilities as DEALER's exclusive location(s) for the sale and servicing of Genesis Products and for the display of Genesis Marks . . .
>
> 7.    STANDARD PROVISIONS
>
> The Genesis Motor America Dealer Sales and Service Agreement Standard Provisions which begin with paragraph 10 below (the "Standard Provisions") are hereby incorporated into and made a part of this Agreement as if fully set forth herein. . . .

> For so long as DEALER remains an authorized Hyundai dealer and maintains its showroom for Genesis Motor Vehicles at the same facility as it maintains its showroom for Hyundai Motor Vehicles (a) DEALER shall be deemed in compliance with the last sentence of Section 4 of this Agreement if its General Manager devotes full time (100%) solely to the management of DEALER's Genesis and Hyundai operations, (b) DEALER shall be deemed in compliance with the requirement that it have a separate and dedicated DMS if DEALER maintains a DMS solely for its Genesis and Hyundai operations, and (c) the word "exclusive" as used in Section 6 of this Agreement shall be deemed replaced with the words "sole authorized."

> *Id*. at HMA00052-54.

13. The GMA Standard Provisions state in relevant part:

    > 13. DEALER LOCATION
    >
    > A. RESPONSIBILITIES OF DEALER
    > . . . Moreover, it is the mutual desire of DEALER and GMA that DEALER's facilities reflect a distinctive first-class appearance in common with all other duly authorized Genesis Dealers. Accordingly, DEALER agrees to procure from approved sources and install all items necessary to insure that DEALER's retail environment complies in all respects with such distinctive first-class appearance. In addition, DEALER agrees that all of its facilities will be satisfactory as to space, appearance, amenities, layout, equipment, and signage and will at all times be in accordance with GMA's minimum facilities standards, as amended from time to time.
    > . . .
    >
    > F. EVALUATION OF DEALERSHIP FACILITIES
    > GMA will periodically evaluate the adequacy of DEALER's facilities pursuant to its responsibilities under this Agreement. In making such evaluations, GMA will consider: the actual building and land space provided by DEALER for the performance of its responsibilities under this Agreement; compliance with GMA's then current requirements for dealership operations, the appearance, condition, layout and signage of the dealership facilities; and such other factors, if any, which in GMA's judgment may directly relate to DEALER's performance of its

responsibilities under this Agreement. GMA will discuss such evaluations with DEALER, so that DEALER may take prompt action, if necessary, to comply with GMA's minimum facility standards. GMA will provide DEALER with a copy of the evaluation upon request.

. . .

17. TERMINATION OF AGREEMENT

. . .

B. TERMINATION FOR CAUSE

. . .

2. Termination Upon Sixty Days' Notice
GMA will have the right to terminate this Agreement for cause on sixty (60) days' prior written notice to DEALER if any of the following should occur:

. . .

u. Breach or violation by DEALER of any other term or provision of this Agreement.

*Id*. at TH_06754, 06758-59.

14. The Standard Provisions set forth GMA's right to issue facility requirements, such as the facility exclusivity policy[1] at issue in this case. The Standard Provisions further affirm TH's obligation to comply with these facility standards, and the consequences (i.e., termination), for failure to comply with the provisions of the Dealer Sales and Service Agreement and Standard Provisions (despite the GMA Dealer Agreement's express provision for operating Hyundai and Genesis dealerships from the same location).

---

[1] The GMA exclusivity policy is discussed in TH's response in paragraphs 27 through 29. (See Doc. 30, at Pgs. 8-9, ¶¶ 27-29; Doc. 27-12).

WHEREFORE, premises considered, Tuscaloosa Hyundai, Inc. respectfully requests that the Court deny the Defendants' Motion for Summary Judgment, and for such other relief to which it may be entitled herein.

                Respectfully submitted,

                /s/ David A. Butler
                Jeffrey L. Ingram, Esq.
                David A. Butler, Esq.

OF COUNSEL:
INGRAM, KALUPA & BUTLER, P.C.
203 Kenimer Avenue
Suite 100
Trussville, AL 35173
Tel: (205) 870-0663
Fax: (205) 870-0681
jeff@ikblawyers.com
david@ikblawyers.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have electronically served the foregoing on March 15, 2023, as follows:

John A. Smyth, III
Bryan Coleman
Bo Bledsoe
MAYNARD, COOPER & GALE, P.C.
jsmyth@maynardcooper.com
bcoleman@maynardcooper.com
bbledsoe@maynardcooper.com

Ryan L. Ford (admitted pro hac vice)
HOGAN LOVELLS US LLP
ryan.ford@hoganlovells.com

                                                      /s/ David A. Butler